IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN JOSEPH LYSZKOWSKI : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| DIANE E. GIBBONS, LISA ANNE : | NO. 15-2210 |
| SILVESTRI, and KAREN REID : | |
| BRAMBLETT : | |

MEMORANDUM

KEARNEY, J.                                                                                      February 2, 2016

Judges, State Court Prothonotaries and Probation Officers are entitled to exercise the discretion vested in them by the public without fear they will be sued personally for civil rights violations for so long as they exercise discretion within their jurisdiction. The remedy for disagreeing with court rulings and discretionary acts is to persuade the appellate courts of the error by the trial court. When, as here, a plaintiff fully exercised his appellate rights but remains unhappy with the results, he cannot bring a civil rights claim against parties immune from suit such as the Judge, the Prothonotary of the Pennsylvania Superior Court and the Probation Officer. We grant Defendants' Motions to Dismiss the Amended Complaint in the accompanying Order based on immunity and do not address additional substantive grounds. Given his *pro se* status, we also Plaintiff leave one more time to determine in good faith based upon a review of this Memorandum and a review of Defendants' other substantive arguments, if he can state a claim against the Judge, Prothonotary and Probation Officer.

I.      **Facts alleged in Amended Complaint**

Plaintiff Brian Joseph Lyszkowski ("Lyszkowski"), proceeding *pro se*, sued the Honorable Diane E. Gibbons ("Judge Gibbons"),[1] Lisa Ann Silvestri ("Officer Silvestri"),[2] and Karen Reid Bramblett ("Prothonotary Bramblett")[3] in their individual capacities, for alleged

federal and state constitutional violations under 42 U.S.C §§ 1983,[4] 1985(2).[5] In his second attempt at stating a claim, Lyszkowski seeks: (1) a declaratory judgment Defendants violated his civil rights; (2) a declaratory judgment Judge Gibbons, Officer Silvestri, and Prothonotary Bramblett violated their oaths of office; and (3) $3,600,000.[6]

This case arises from Lyszkowski's April 26, 2013 "Motion to Strike the March 25, 2013 Adult Probation and Parole Department Document for material falsehoods" filed in the Court of Common Pleas of Bucks County. His motion resulted in a May 1, 2013 hearing.[7] Before the May 1, 2013 probation hearing, Officer Silvestri allegedly entered a "non-public judicial branch area," presumably connected to Judge Gibbons' chambers.[8] Sometime later, Lyszkowski and Officer Silvestri entered into this area and Officer Silvestri told Judge Gibbons, "I would like to hand some paperwork to Your Honor. I believe I have shown you some of this," and Judge Gibbons responded, "Hang on a second, I have had an opportunity to review what has been [labeled] Motion to Strike Adult Probation and Parole Department from Material--For Material Falsehood."[9] Lyszkowski interprets this exchange as necessarily meaning Judge Gibbons and Officer Silvestri spoke before the May 1, 2013 hearing.

At the May 1, 2013 hearing, Lyszkowski handed Judge Gibbons a time stamped copy of his "Motion to Strike the March 25, 2013 Adult Probation and Parole Department Document for Material Falsehoods."[10] Judge Gibbons denied Lyszkowski's Motion, found he violated his probation and sentenced him to prison for six to twelve months for the probation violation.[11]

On May 10, 2013, Lyszkowski moved to Modify his Sentence based on alleged violations of his rights at the May 1, 2013 hearing.[12] Judge Gibbons denied Lyszkowski's Motion on May 28, 2013. Lyszkowski filed a timely Notice of Appeal from Judge Gibbons' May 28, 2013 denial of Lyszkowski's Motion to Modify the Sentence.[13]

2

On June 20, 2013, the Superior Court Prothonotary Bramblett docketed his Notice of Appeal as an appeal of the May 1, 2013 Judgment of Sentence, instead of his wish to appeal from the May 28, 2013 denial of his Motion to Modify Sentence.[14]

Lyszkowski alleges "Bramblett mailed Docketing Statements, and it is of record that Bramblett mailed the Docketing Statements to [Judge] Gibbons, the Bucks County District Attorney, the Bucks County Court Reporter, and the Bucks County Clerks of Courts, with an attached Docket Sheet page exhibiting that Plaintiff was appealing from May 1, 2013 Judgment of Sentence Order, and Bramblett requested of these individuals to notify her if any corrections were needed."[15] Despite Lyszkowski's efforts, Prothonotary Bramblett never corrected this alleged error with respect to the Order he wanted to appeal.[16]

Lyszkowski alleges as a result of the uncorrected error in docketing the May 28 rather than May 1 Order, the Pennsylvania Superior Court reviewed and affirmed the May 1, 2013 Judgment of Sentence Order, and did not entertain Lyszkowski's intended appeal of the May 28, 2013 Order denying his Motion to Modify the Sentence.[17] This alleged error also carried over to the Pennsylvania Supreme Court, which then denied Lyszkowski's Petition for Allowance of Appeal and his Motion for Reconsideration of the denial of his petition.[18] Lyskowski never alleges how the appeal of the May 1, 2013 sentencing order, rather than the May 28, 2013 denial of his motion to modify the May 1, 2013 Order, created prejudice.

**II.    Analysis**

Defendants move to dismiss arguing, among other things: (1) Eleventh Amendment immunity bars Lyszkowski's claims against all Defendants; (2) Judge Gibbons is protected by absolute judicial immunity; (3) Prothonotary Bramblett and Probation Officer Silvestri are protected by quasi-judicial immunity; and (4) declaratory relief is not available to adjudicate past

3

conduct.[19] While Defendants raise substantive arguments, we first review whether they are immune and if the suit can proceed against them. We grant Defendants' Motion in the accompanying Order as, interpreting the Amended Complaint in the manner most favorable to Lyszkowski, he did not plead facts overcoming the immunity afforded to the public servants.[20]

### A. Claims against Judge Gibbons

Judges acting in their official capacity are immune from liability in civil actions.[21] Judicial immunity provides immunity from a suit as well as from money damages, and protects judges from suits even when constitutional violations are alleged under Section 1983 claims.[22] Judicial immunity applies if the judge had jurisdiction over the subject matter while performing the judicial act.[23] An act is "judicial" if it "is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[24]

Judicial immunity applies even if there have been "grave procedural errors," "informal and *ex parte*" proceedings, "unfairness," or proceedings committed during the court of an alleged conspiracy.[25] There are two narrow exceptions to the doctrine of judicial immunity: (1) if the action taken is non-judicial in nature; or (2) if the action is taken in the "complete absence of all jurisdiction."[26] "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."[27]

Neither immunity exception applies. The offending conduct allegedly occurred in Judge Gibbons' capacity as a Judge for the Court of Common Pleas of Bucks County, and occurred within her jurisdiction.[28] Judge Gibbons is entitled to absolute judicial immunity for the alleged constitutional violations plead in Lyszkowski's Amended Complaint. Judge Gibbons' motion to dismiss is granted.

## B. Claims against Prothonotary Bramblett

The Superior Court Prothonotary acting as a quasi-judicial officer is protected by absolute immunity.[29] Our Court of Appeals recognizes "immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries," as well as the "equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit."[30]

In *Grine v. Colburn's Air Conditioning and Refrigeration* and *Hurst v. City of Dover*, plaintiff alleged the prothonotary engaged in "improper decision-making regarding fabricating or causing a false record to be transmitted or maintained, improperly enforcing a Superior Court order, improperly enforcing rules of procedure, and of failing to report [the judge's] behavior to a court administrator."[31] The court in *Grine* found the prothonotary's actions to be integral to the judicial process and judicial immunity protected the prothonotaries in both cases under the Eleventh Amendment.[32]

Similar to the prothonotaries in *Grine* and *Hurst*, Lyszkowski alleged Prothonotary Bramblett caused false documents to be transmitted and failed to correct her error allowing certain errors to taint the appellate process. Reading his *pro se* Complaint in the light most favorable to him, all of Prothonotary Bramblett's alleged conduct falls either within the ambit of "discretionary acts" or acts "integral to the judicial process."[33] Prothonotary Bramblett is entitled to immunity from Lyszkowski's claims. Prothonotary Bramblett's motion to dismiss is granted.

## C. Claims against Officer Silvestri

Probation officers are entitled to quasi-judicial immunity when "engaged in adjudicatory duties."[34] "When the function is purely mandatory, in accordance with the direct and positive legal authority applicable to the individual's position, and without any discretion involved in its performance, the policy basis for immunity—the need to permit the government to govern

without fear of liability for errors which may occur in the making of necessary decisions [ ]—is no longer present."[35]

The issue is whether Officer Silvestri's actions fall within "adjudicatory duties" or if her actions were "purely mandatory . . . without any discretion involved."[36] Lyszkowski alleges Officer Silvestri (1) "crossed the bar and entered a door in the non-public judicial branch area" (Count I); (2) "evidently had an *ex parte* meeting with Gibbons" (Count II); (3) "violated her oath of office . . . [by asking] Gibbons to incarcerate Plaintiff for 6 to 12 months" (Count VII); and (4) "allowed the sentencing of Plaintiff to occur" (Count VIII). Reading the Complaint in the light most favorable to him, Officer Silvestri's interactions with Judge Gibbons during or before the May 1, 2013 hearing fall under her "adjudicatory duties" and do not involve ministerial duties not protected by quasi-judicial immunity.[37] Officer Silvestri recommended a sentencing range to Judge Gibbons which fall within Officer Silvestri's adjudicative role as a probation officer. Accordingly, Officer Silvestri is entitled to quasi-judicial immunity from Lyszkowski's claims. Officer Silvestri's motion to dismiss is granted.

### III. Conclusion

Lyszkowski fails to plead a claim to overcome immunity for Judge Gibbons, Prothonotary Bramblett or Officer Silvestri. These individuals, vested with the public interest and fulfilling obligations imposed upon them by the Pennsylvania Constitution, exercised discretion attendant to their positions and, other than being subject to reversal on appeal or other actions by the Pennsylvania appellate courts, cannot be sued in this Court for civil rights violations under the presently plead facts. Defendants, particularly Officer Silvestri, raise additional arguments but we must first address immunity. Mindful Lyszkowski is acting *pro se*, we will grant him one last chance to attempt to plead, in good faith, facts which may state a

claim in light of the immunity defenses described in this Memorandum and the Defendants' arguments in their Motions to Dismiss.

---

[1] The Honorable Diane E. Gibbons serves on the Court of Common Pleas of Bucks County, Pennsylvania.

[2] Lisa Anne Silvestri is a Probation Officer for the Adult Probation and Parole Department of Bucks County.

[3] Karen Reid Bramblett is the former Prothonotary of the Pennsylvania Superior Court.

[4] "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

[5] As grounds for relief, Lyszkowski cites: Article III of the United States Constitution, the Fourth, Seventh, and Fourteenth Amendments to the United States Constitution; and the Pennsylvania Constitution, among other things. *See* Amended Complaint at ¶¶ 6, 10-13 (ECF Doc. No. 3).

[6] *Id.* at 25-26.

[7] *Id.* at ¶ 34.

[8] *Id.* at ¶ 34.

[9] *Id.* at ¶ 36.

[10] *Id.* at ¶ 15.

[11] *Id.* at ¶¶ 16-18.

[12] *Id.* at ¶ 19.

[13] *Id.* at ¶¶ 20-22.

[14] *Id.* at ¶ 23.

[15] *Id.* at ¶ 42.

[16] *Id.* at ¶ 49.

[17] *Id.* at ¶¶ 23-25.

[18] *Id.* at ¶¶ 30-33, 50.

[19] *See* Motion to Dismiss of Judge Gibbons and Prothonotary Bramblett (ECF Doc. No. 5); Motion to Dismiss of Officer Silvestri (ECF Doc. No. 14).

[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[ e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, __ F.3d __, 2016 WL 106159, *4 (3d Cir. Jan. 11, 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). *See also Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010); *Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) ("This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.")

[21] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

[22] *Mireles v. Waco*, 502 U.S. 9 (1991); *Corliss v. O'Brien*, 200 F.App'x 80 (3d. Cir. 2006).

[23] *Stump*, 435 U.S. at 356.

[24] *Stump*, 435 U.S. at 362.

[25] *Stump*, 435 U.S. at 363 n.12; *Dennis v. Sparks*, 449 U.S. 24 (1980).

[26] "In *Bradley*, the [Supreme] Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a

defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump v. Sparkman*, 435 U.S. 349, 369 n.7 (1978). *Mireles*, 502 U.S. at 11-12.

[27] *Stump*, 435 U.S. at 356.

[28] In Pennsylvania, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S.A. § 931(a). Presiding over criminal cases and any resulting term of probation is within the above-described "unlimited original jurisdiction" of the courts of common pleas.

[29] *Boyce v. Dember*, 47 F. App'x 155, 159 n.4 (3d Cir. 2002); *see also Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009) (holding the Clerk of the Court "absolutely immunized from suit for damages for discretionary acts," and court personnel "qualifiedly immunized for nondiscretionary acts such as entering orders and notifying parties.").

[30] *Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir. 1969).

[31] *Grine v. Colburn's Air Conditioning and Refrigeration*, No. 09-11, 2009 WL 2634179, *9 (W.D. Pa. Aug. 25, 2009), *aff'd* 382 F.App'x 203 (3d Cir. 2010); *Hurst v. City of Dover*, No. 04-083, 2009 WL 364667 (D. Del. Feb. 13, 2009), *adopting report and recommendation* No. 04-083, 2009 WL 3007733 (D. Del. Sep. 18, 2009).

[32] *Grine*, 2009 WL 2634179 at *9.

[33] *Waits v. McGowan*, 516 F.2d 203, 205-06 (3d Cir. 1975); *Smith v. Rosenbaum*, 460 F.2d 1019, 1020 (3d Cir. 1972).

[34] *Thompson v. Burke*, 556 F.2d 231, 236-237 (3d Cir. 1977).

[35] *Jones v. Johnson*, 402 F. Supp. 992, 999 (E.D. Pa. 1975) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 241 (1974)).

[36] *Harper*, 808 F.2d at 284.

[37] Officer Silvestri's conduct is distinct from the probation officer's conduct reviewed by our distinguished colleague, Judge Davis, in *McBride v. Cahoone*, 520 F.Supp.2d 623 (E.D.Pa. 2011). Judge Davis denied quasi-judicial immunity to the probation officer because the probation officer did not exercise any discretion, and "did not 'decide' whether to grant [plaintiff] a hearing, but rather followed procedures required . . . [t]herefore [probation officer's] actions were not 'adjudicatory,' so the doctrine of 'quasi-judicial' immunity will not shield him here." *McBride* at 638. Officer Silvestri played a central discretionary role in evaluating the appropriate sentence including making a recommendation. Lyszkowski's remaining claims relating to allowing the sentencing to proceed or meeting Judge Gibbons before the sentencing lack merit.

Absolute immunity attaches "when the officer (1) hears evidence; (2) makes recommendations as to whether to parole a prisoner; or (3) makes decisions as to whether to grant, revoke or deny parole." *Id.* at 637-38 (citing *Breslin v. Brainard*, No. 01-7269, 2002 WL 31513425, at *6-7 (E.D.Pa. Nov. 1, 2002)).