**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRIAN JOSEPH LYSZKOWSKI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DIANE E. GIBBONS, LISA ANNE** | : | **NO. 15-2210** |
| **SILVESTRI, and KAREN REID** | : | |
| **BRAMBLETT** | : | |

## AMENDED MEMORANDUM[1]

**KEARNEY, J.**                                                                    **March 24, 2016**

Given Plaintiff's *pro se* status, we granted him leave one more time to determine in good faith based upon a review of our February 2, 2016 Memorandum and a review of Defendants' substantive arguments, whether he could state a claim against a Judge, Prothonotary, and Probation Officer arising from his sentence for violating probation and the proper docketing date for his appeal to the Pennsylvania Superior Court. Plaintiff repeats his claims from his First Amended Complaint, provides only legal conclusions in support of his claims, and again does not state facts to support a plausible claim overcoming immunity. Absent a pleading of these facts, we again find Plaintiff cannot overcome the immunity attached to the conduct of judicial officers while acting in their defined roles. We dismiss his claims with prejudice in the accompanying Order.

## I.     Facts alleged in Second Amended Complaint

On May 1, 2013, Plaintiff Brian Joseph Lyszkowski ("Lyszkowski") appeared before the Honorable Diane E. Gibbons ("Judge Gibbons")[2] on an alleged probation violation. Probation Officer Lisa Ann Silvestri ("Officer Silvestri")[3] allegedly met with Judge Gibbons before the hearing and offered her recommendation as is typical of probation officers working for the court. Judge Gibbons sentenced Lyszkowski to six to twelve months with presumptive parole and a

mental health evaluation. Lyszkowski moved to modify the sentence arguing the May 1 hearing violated due process and Judge Gibbons denied his motion to modify on May 28, 2013. Lyszkowski filed a notice of appeal of the denial of his motion to modify the sentence on or around June 6, 2013.

Lyszkowski pleads Superior Court Prothonotary Karen Reid Bramblett ("Prothonotary Bramblett")[4] in her individual capacity, docketed his appeal as having been taken from the May 1, 2013 Judgment of Sentence. The Superior Court served him with a rule to show cause as to why his June 2013 appeal could be timely from the May 1, 2013 sentence and Lyszkowski filed an opposition. On April 24, 2014, the Pennsylvania Superior Court affirmed the May 1, 2013 Judgment of Sentence. Lyszkowski then sought reconsideration, followed by a petition for appeal to the Pennsylvania Supreme Court and the reconsideration of the denial of his petition for permission to appeal.

Lyszkowski then sued Judge Gibbons, Prothonotary Bramblett and Officer Silvestri in this Court for alleged federal and state constitutional violations under 42 U.S.C §§ 1983,[5] 1985(2).[6] In his third attempt at stating a claim, Lyszkowski seeks: (1) a declaratory judgment Defendants violated his civil rights; (2) a declaratory judgment Judge Gibbons, Officer Silvestri, and Prothonotary Bramblett violated their oaths of office; and (3) $3,600,000.[7]

After Judge Restrepo heard oral argument and, upon random reassignment, we studied the transcript, we granted Defendants' motions to dismiss based on immunity but granted Lyszkowski leave to amend his First Amended Complaint to state a claim against Judge Gibbons, Officer Silvestri, and Prothonotary Bramblett not barred by immunity.[8] Lyszkowski merely repeated his original claims in the First Amended Complaint and added legal conclusions. Lyszkowski alleges Judge Gibbons, Officer Silvestri, and Prothonotary Bramblett are being sued

2

in their individual capacity, and each acted outside of their judicial or quasi-judicial functions as members of the court.

In his Second Amended Complaint, Lyszkowski alleges Officer Silvestri acted outside of her quasi-judicial functions when she participated in the *ex parte* meeting with Judge Gibbons and showed Judge Gibbons information about Lyszkowski, forcing Judge Gibbons to incarcerate him for six to twelve months. Lyszkowski claims Judge Gibbons committed fraud and violated her oath of office by intentionally preventing Lyszkowski's appellate review, and failed to correct the date of the Order appealed by Lyszkowski by not answering Prothonotary Bramblett's docketing statement.

Lyszkowski alleges Prothonotary Bramblett remained silent and did not correct the date on the order under appeal which dealt a fatal blow to Lyszkowski's appeal. Prothonotary Bramblett served the Superior Court's Order to Lyszkowski before waiting for any corrections to be made to the Docketing Statements. Lyszkowski alleges Prothonotary Bramblett electronically tampered with the Superior Court Docket entry by intentionally recording the incorrect date of Lyszkowski's appeal, and committed mail fraud when she used the U.S. Mail to serve the tampered Docket entry to Lyszkowski. Prothonotary Bramblett allegedly intentionally failed to correct the date which the Superior Court relied upon in denying Lyszkowski's appeal, and allowed the incorrect appeal date to remain on record until it reached the Pennsylvania Supreme Court docket. Lyszkowski claims Prothonotary Bramblett's intentional failure to correct the date reflects her clear intent to conceal her electronic tampering violating her quasi-judicial immunity.

Lyszkowski does not allege facts showing any of the Defendants acted outside of their clearly defined roles.

3

## II.   Analysis

Defendants move to dismiss arguing, among other things: (1) Eleventh Amendment immunity bars Lyszkowski's claims against all Defendants; (2) Judge Gibbons is protected by absolute judicial immunity; (3) Prothonotary Bramblett and Probation Officer Silvestri are protected by quasi-judicial immunity; and (4) declaratory relief is not available to adjudicate past conduct.[9]  Lyszkowski relies on *Hafer v. Melo* arguing Judge Gibbons, Prothonotary Bramblett, and Officer Silvestri cannot assert judicial or quasi-judicial immunity if they are being sued "in their individual capacities."[10]  Lyszkowski cites *Hafer* for the argument public officers may be sued for damages in their personal or individual capacity for actions taken in their official capacity.[11]  *Hafer* also authorizes immunity defenses to "certain classes of officials, including those carrying out judicial functions whose special function or constitutional status requires complete protection from suit."[12]

While Defendants raise substantive arguments, we first review whether they are immune. Interpreting the Second Amended Complaint in the manner most favorable to Lyszkowski, he still did not plead facts overcoming the immunity afforded to the public servants.[13]

### A.   Claims against Judge Gibbons

Lyszkowski's Second Amended Complaint provides greater detail but fails to state a claim against Judge Gibbons.  Lyszkowski's claims are formulaic legal conclusions which do not meet the standard to survive a motion to dismiss.  We know what happened.  The problem for Lyszkowski is all of the conduct occurred in Judge Gibbons' role in evaluating Officer Silvestri's recommendation and sentencing him with a mental health evaluation.  The offending conduct allegedly occurred in Judge Gibbons' capacity as a Judge for the Court of Common Pleas of Bucks County, and occurred within her jurisdiction.[14]  He does not plead acts committed outside

4

of Judge Gibbons' role as a commissioned judge.  Judge Gibbons relied on information from Officer Silvestri and decided his motion.  This is merely the role of an adjudicatory officer.

As detailed in our February 2, 2016 Memorandum, Judge Gibbons is entitled to absolute judicial immunity for her sentencing decision as plead in Lyszkowski's Amended Complaint. Lyszkowski's added facts do not overcome our previous finding of judicial immunity.  Judge Gibbons' motion to dismiss is granted.

### B. Claims against Prothonotary Bramblett

Lyszkowski's Second Amended Complaint again fails to state a claim against Prothonotary Bramblett.   Lyszkowski's claims against Prothonotary Bramblett are legal conclusions which do not survive a motion to dismiss.

Lyszkowski claims Prothonotary Bramblett ignored his requests and failed to correct the date of the appealed Order which severely prejudiced him.  Lyszkowski claims this failure resulted in the denial of his appeals by the Pennsylvania Supreme Court and Pennsylvania Superior Court.  He presented these arguments to the Pennsylvania appellate courts.

Reading his *pro se* Second Amended Complaint in the light most favorable to him, all of Prothonotary Bramblett's alleged conduct falls either within the ambit of "discretionary acts" or acts "integral to the judicial process."[15]  None of Lyszkowski's claims overcome our previous finding of quasi-judicial immunity attaching to Prothonotary Bramblett.  Lyszkowski's claims do not bring Prothonotary Bramblett's conduct outside the protection of quasi-judicial immunity and she is still entitled to immunity from his claims.  Prothonotary Bramblett's motion to dismiss is granted.

Lyszkowski also alleges Prothonotary Bramblett committed mail fraud by electronically tampering with his appeal record and using the U.S. Mail to serve him a copy of the record.

Lyszkowski does not have standing to bring a criminal mail fraud claim against Prothonotary Bramblett unless he asserts mail fraud as predicate act under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.  Lyszkowski cannot do so.

### C.  Claims against Officer Silvestri

Lyszkowski's Second Amended Complaint fails to state a claim against Officer Silvestri as it offers formulaic legal conclusions.  Lyszkowski again alleges Officer Silvestri (1) "crossed the bar and entered a door in the non-public judicial branch area"; (2) "evidently had an *ex parte* meeting with Gibbons"; (3) "violated her oath of office . . . [by asking] Gibbons to incarcerate Plaintiff for 6 to 12 months"; and (4) "allowed the sentencing of Plaintiff to occur".

Reading the Second Amended Complaint in the light most favorable to him, Officer Silvestri's interactions with Judge Gibbons fall under her "adjudicatory duties" and do not involve ministerial duties not protected by quasi-judicial immunity.[16]  Lyszkowski does not allege any new conduct which would fall outside the protections of quasi-judicial immunity. Accordingly, Officer Silvestri is entitled to quasi-judicial immunity from Lyszkowski's claims. Officer Silvestri's motion to dismiss is granted.

### III.   Conclusion

We appreciate Lyszkowski's need to repeatedly challenge court procedures which he believes unfairly prejudiced him by first leading Judge Gibbons to sentence him for a probation violation and then allegedly waiving his appeal rights based on his understanding of the docket entry for his appeal. He challenged these errors in the Pennsylvania appellate courts.   Having lost there, he now sues the Judge, Probation Office and Superior Court Prothonotary in their individual capacities for, among other things, $3,600,000.   He claims losses relating to these Defendants' conduct as public servants doing their jobs in the Pennsylvania judicial system.

6

He again fails to plead a claim to overcome immunity given to Judge Gibbons, Prothonotary Bramblett or Officer Silvestri. These individuals exercised discretion attendant to their positions and, other than being subject to reversal on appeal or other actions by the Pennsylvania appellate courts, cannot be sued in this Court for civil rights violations in either their individual or official capacities under the presently plead facts. In the accompanying Order, we grant Defendants' motions to dismiss and, as Lyszkowski now has tried three times to overcome the immunity, we dismiss his case with prejudice.

---

[1] We issue this Amended Memorandum to correct typographical errors in the first paragraph and conclusion in our March 23, 2016 Memorandum (ECF Doc. No. 33) without affecting the Order (ECF Doc. No. 34) and its entry date of March 23, 2016.

[2] The Honorable Diane E. Gibbons serves on the Court of Common Pleas of Bucks County, Pennsylvania.

[3] Lisa Anne Silvestri is a Probation Officer for the Adult Probation and Parole Department of Bucks County.

[4] Karen Reid Bramblett is the former Prothonotary of the Pennsylvania Superior Court.

[5] "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

[6] As grounds for relief, Lyszkowski cites: Article III of the United States Constitution, the Fourth, Seventh, and Fourteenth Amendments to the United States Constitution; and the Pennsylvania Constitution, among other things. *See* Amended Complaint at ¶¶ 6, 10-13 (ECF Doc. No. 3).

[7] *Id.* at 25-26.

[8] *See* Memorandum (ECF Doc. No. 19)

[9] *See* Motion to Dismiss of Judge Gibbons and Prothonotary Bramblett (ECF Doc. No. 5); Motion to Dismiss of Officer Silvestri (ECF Doc. No. 14).

[10] *Hafer v. Melo*, 502 U.S. 21 (1991)

[11] *Id.* at 362-63

[12] *Id.* at 363-64

[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.,* 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[ e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, __ F.3d __, 2016 WL 106159, *4 (3d Cir. Jan. 11, 2016) (quoting *Iqbal*, 556 U.S. at 675, 679). *See also Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010); *Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) ("This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.")

[14] In Pennsylvania, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S.A. § 931(a). Presiding over criminal cases and any resulting term of probation is within the above-described "unlimited original jurisdiction" of the courts of common pleas.

[15] *Waits v. McGowan*, 516 F.2d 203, 205-06 (3d Cir. 1975); *Smith v. Rosenbaum*, 460 F.2d 1019, 1020 (3d Cir. 1972).

[16] Officer Silvestri's conduct is distinct from the probation officer's conduct reviewed by our distinguished colleague, Judge Davis, in *McBride v. Cahoone*, 520 F.Supp.2d 623 (E.D.Pa. 2011). Judge Davis denied quasi-judicial immunity to the probation officer because the probation officer did not exercise any discretion, and "did not 'decide' whether to grant [plaintiff] a hearing, but rather followed procedures required . . . [t]herefore [probation officer's] actions were not 'adjudicatory,' so the doctrine of 'quasi-judicial' immunity will not shield him here."

*McBride* at 638.   Officer Silvestri played a central discretionary role in evaluating the appropriate sentence including making a recommendation. Lyszkowski's remaining claims relating to allowing the sentencing to proceed or meeting Judge Gibbons before the sentencing lack merit. Absolute immunity attaches "when the officer (1) hears evidence; (2) makes recommendations as to whether to parole a prisoner; or (3) makes decisions as to whether to grant, revoke or deny parole." *Id.* at 637-38 (citing *Breslin v. Brainard*, No. 01-7269, 2002 WL 31513425, at *6-7 (E.D.Pa. Nov. 1, 2002)).